■ Ivy Beloff, Respondent, v Samy Gerges et al., Appellants, and Ralph Rodriguez, Jr., et al., Respondents. [915 NYS2d 242]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered April 20, 2010, which, insofar as appealed from, in this action for personal injuries, denied defendants Samy Gerges and Morgan Limo Trade Corp.'s motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as to appellants. The Clerk is directed to enter judgment accordingly.

Plaintiff and her daughter were rear-seat passengers in a taxi driven by defendant Gerges and owned by Morgan Limo. While the taxi was stopped on First Avenue at or near the intersection with East 79th Street, it was struck in the rear by an uptown M-15 bus. The driver of the bus offered no explanation, nonnegligent or otherwise, for the collision.

Defendants Gerges and Morgan Limo were entitled to summary judgment in their favor. Under New York law, "a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the second vehicle," and the injured occupants of the front vehicle are entitled to summary judgment on liability unless the driver of the following vehicle can provide a nonnegligent explanation for the accident (*Figueroa v Luna*, 281 AD2d 204, 206 [2001] [internal quotation marks omitted]). We reject plaintiff's contention that the testimony of her daughter established that the taxi was not lawfully stopped, and therefore, furnished a nonnegligent explanation for the stop that would deprive the driver of the benefit of the presumption of negligence. The daughter was seated in the rear of the taxi on the right hand, or curb side. She assumed, based on the distance of the taxi from the curb, that the taxi's rear end must have protruded into the next lane of traffic. However, she made no such observations and testified that she had no knowledge concerning the width of the lane of

traffic. Under these circumstances, her testimony was mere speculation. The presence of the taxi in the right lane "merely furnished the condition or occasion for the occurrence of the event," rather than constituting one of its causes (*Sheehan v City of New York*, 40 NY2d 496, 503 [1976]). Defendants, accordingly, were entitled to summary judgment in their favor. Concur—Tom, J.P., Andrias, Saxe, Freedman and Manzanet-Daniels, JJ.