■ Christina M. D'Agostino, Appellant, v YRC, Inc., et al., Respondents, et al., Defendants. [992 NYS2d 358]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated July 31, 2012, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

During the late night hours of October 22, 2010, the plaintiff was driving in the northbound right lane of Interstate 87, near Tuxedo, when her vehicle was involved in a collision with a tractor-trailer. As a result of the collision, the plaintiff's vehicle became disabled and was stopped in the right lane. As the plaintiff sat in her vehicle after the collision, it was struck from behind by a tractor-trailer operated by the defendant Peter J. Timpe, Jr., and owned by the defendant YRC, Inc. (hereinafter YRC), a trucking company. The plaintiff commenced this action against, among others, YRC and Timpe (hereinafter together the YRC defendants). The plaintiff moved for summary judgment on the issue of liability, and the Supreme Court denied the motion.

A rear-end collision with a stopped vehicle establishes a prima facie case of negligence against the driver of the moving vehicle (*see Robayo v Aghaabdul*, 109 AD3d 892 [2013]; *Gleason v Villegas*, 81 AD3d 889, 890 [2011]; *Gross v Marc*, 2 AD3d 681 [2003]; *Filippazzo v Santiago*, 277 AD2d 419, 420 [2000]). A defendant can overcome the presumption of negligence by providing a nonnegligent explanation for the collision (*see Perez v Roberts*, 91 AD3d 620 [2012]; *Leal v Wolff*, 224 AD2d 392 [1996]). However, "[i]f the operator cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law" (*Barile v Lazzarini*, 222 AD2d 635, 636 [1995]). A nonnegligent explanation includes, but is not limited to, "sudden or unavoidable circumstances" (*Gambino v City of New York*, 205 AD2d 583, 583 [1994]).

Here, although the plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that YRC's vehicle struck the rear of her vehicle while it was stopped in the right lane (*see Robayo v Aghaabdul*, 109 AD3d at 893), the YRC defendants raised a triable issue of fact as to whether they had a nonnegligent explanation for the collision (*see Rivera v Gardillo*, 113 AD3d 667 [2014]). Accordingly, the Supreme Court correctly denied the plaintiff's motion for summary judgment on the issue of liability. Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.