■ PAULA CERVERA, Appellant, v JAMES L. MORAN et al., Respondents. [997 NYS2d 39]—

Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered May 18, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment as to liability, unanimously reversed, on the law, without costs, and the motion granted.

The fact that a vehicle is double parked "does not automatically establish that such double-parking was the proximate cause of the accident" (*DeAngelis v Kirschner*, 171 AD2d 593, 595 [1st Dept 1991]). Here, plaintiff established her prima facie entitlement to summary judgment by demonstrating that the location of her vehicle merely furnished the condition or occasion for the occurrence of the event but was not one of its causes (*see Vazquez v Roldan*, 86 AD3d 640 [2d Dept 2011]; *Wechter v Kelner*, 40 AD3d 747 [2d Dept 2007], *lv denied* 9 NY3d 806 [2007]).

The record demonstrates that plaintiff's vehicle was double parked on a one way street. Defendants' vehicle, moving in the same direction, successfully passed plaintiff's vehicle on the left and pulled approximately three to four car lengths in front of it before stopping. One to two seconds later, defendants' vehicle drove in reverse in an erratic manner and struck the front of plaintiff's car, which was stationary at all times. According to plaintiff, while defendants' vehicle was moving in reverse towards her vehicle, she had her foot on the brake and sounded her horn. Defendants' vehicle did not stop, and plaintiff had no time to react before the collision. After the accident, the driver of defendants' vehicle told plaintiff that he was sorry, that the accident was his fault, and that he was having an argument with his passenger and had accidently backed up into plaintiff's vehicle.

No triable issue of fact was raised in opposition as to whether the location of the plaintiff's double-parked vehicle was a proximate cause of the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Although this Court has held that "a reasonable jury could find that a rear-end collision is a reasonably foreseeable consequence of double parking for five minutes on a busy Manhattan street" (*White v Diaz*, 49 AD3d 134, 139 [1st Dept 2008]), plaintiff's vehicle was struck in the front by a vehicle that had safely passed her before it stopped and backed up the wrong way on a one way street. Concur—Tom, J.P., Renwick, Andrias, DeGrasse and Kapnick, JJ.