■ DOMINIC SPINOSA, Respondent, v GOLDEN TOUCH TRANSPORTATION OF NY, INC., et al., Defendants/Third-Party Plaintiffs-Appellants. MARY SPINOSA, Third-Party Defendant. [998 NYS2d 95]—

In an action to recover damages for personal injuries, the defendants/third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Rothenberg, J.), dated October 25, 2012, which granted the plaintiff's motion for summary judgment on the issue of liability and, in effect, searched the record and awarded summary judgment in favor of the third-party defendant dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

The plaintiff allegedly was injured when the car in which he was a passenger, and which was operated by his wife, the third-party defendant, Mary Spinosa (hereinafter Spinosa), was struck in the rear by a vehicle owned by the defendant/third-party plaintiff Golden Touch Transportation of NY, Inc., and operated by the defendant/third-party plaintiff Erica T. Williams (hereinafter together the appellants). The plaintiff moved for summary judgment on the issue of liability, arguing only that Williams's conduct was the sole proximate cause of the accident. The Supreme Court granted the plaintiff's motion and, in effect, searched the record and awarded summary judgment to Spinosa, dismissing the third-party complaint.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see *Raimondo v Plunkitt*, 102 AD3d 851, 852 [2013]; *Kertesz v Jason Transp. Corp.*, 102 AD3d 658 [2013]; *Sehgal v www.nyairportsbus.com, Inc.*, 100 AD3d 860 [2012]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that, as the vehicle in which he was riding was slowing for traffic ahead of it, it was hit in the rear by the appellants' vehicle (see *Kertesz v Jason Transp. Corp.*, 102 AD3d 658 [2013]; *Costa v Eramo*, 76 AD3d 942 [2010]).

In opposition, however, the appellants raised a triable issue of fact with evidence of a nonnegligent explanation for the collision (see *Martin v Cartledge*, 102 AD3d 841 [2013]; *Kertesz v Jason Transp. Corp.*, 102 AD3d 658 [2013]; *Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845 [2012]). Specifically, Williams averred in an affidavit that the lead vehicle, driven by Spinosa, came to a sudden and unexplained stop in the middle of the left-hand lane of the Long Island Expressway when there were no vehicles immediately in front of it. The appellants also submitted an affidavit from a nonparty witness who averred that the lead vehicle had "stopped abruptly."

Accordingly, the Supreme Court improperly granted the plaintiff's motion for summary judgment on the issue of liability on the ground that Williams's conduct was the sole proximate cause of the accident, and improperly, in effect, searched the record to award summary judgment in favor of Spinosa dismissing the third-party complaint. Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.