■ Vladislav Lisetskiy et al., Appellants, v Israel Weiss et al., Respondents. [999 NYS2d 83]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated September 12, 2013, as denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 1, 2011, the plaintiff Vladislav Lisetskiy was operating a motor vehicle on Ninth Avenue in Brooklyn and the plaintiff Mikhail Pekarovskiy was a passenger in the vehicle. According to the plaintiffs, while their vehicle was stopped at a red traffic light at the intersection of Ninth Avenue and 49th Street, it was struck in the rear by a vehicle owned by the defendant Henry Weiss and operated by the defendant Israel Weiss. In July 2012, the plaintiffs commenced this action against the defendants. Prior to the completion of discovery, the plaintiffs moved for summary judgment on the issue of liability. The defendants opposed the plaintiffs' motion and cross-moved for summary judgment dismissing the complaint. The Supreme Court denied both the motion and the cross motion. The plaintiffs appeal from so much of the order as denied their motion for summary judgment on the issue of liability.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Delgado v Bang*, 120 AD3d 608, 609 [2014]; *see Robayo v Aghaabdul*, 109 AD3d 892, 893 [2013]; *Mallen v Su*, 67 AD3d 974 [2009]). "A nonnegligent explanation includes, but is not limited to, 'sudden or unavoidable circumstances' " (*D'Agostino v YRC, Inc.*, 120 AD3d 1291, 1292 [2014], quoting *Gambino v City of New York*, 205 AD2d 583, 583 [1994]).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by submitting the affidavit of the plaintiff Vladislav Lisetskiy, who stated that their vehicle was struck in the rear while it was stopped at a red traffic light (*see Cajas-Romero v Ward*, 106 AD3d 850, 851-852 [2013]; *Ramos v TC Paratransit*, 96 AD3d 924, 925 [2012]), thereby shifting the burden to the defendants to come forward with a nonnegligent explanation for the accident (*see Abbott v Picture Cars E., Inc.*, 78 AD3d 869 [2010]). In opposition, the defendants submitted the affidavit of Israel Weiss, in which he stated that as he approached the plaintiffs' vehicle, it suddenly and without warning went into reverse and struck the front of his vehicle. This affidavit was sufficient to raise a triable issue of fact as to whether the plaintiffs caused or contributed to the accident (*see Rivera v Gardillo*, 113 AD3d 667 [2014]; *Markesinis v Jaquez*, 106 AD3d 961 [2013]; *Ramos v TC Paratransit*, 96 AD3d at 925-926; *Abbott v Picture Cars E., Inc.*, 78 AD3d at 869-870).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability. Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.