■ CARLA WHELAN, Respondent, v MICHELLE J. SUTHERLAND et al., Defendants, and DARLENE RICCIARDI, Appellant. [9 NYS3d 639]—

In an action to recover damages for personal injuries, the defendant Darlene Ricciardi appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated April 4, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Darlene Ricciardi is denied.

On April 12, 2010, the plaintiff allegedly sustained personal injuries as a result of an accident that occurred as she was driving on the Long Island Expressway. According to the plaintiff, at the time of that accident, she was slowing down in traffic when her vehicle was struck in the rear by a vehicle owned and operated by the defendant Darlene Ricciardi. The plaintiff further alleged that her vehicle was struck a second time by Ricciardi, when Ricciardi's vehicle was struck by a vehicle owned and operated by the defendant Michelle J.

Sutherland. In the order appealed from, insofar as relevant here, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Ricciardi.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Drakh v Levin*, 123 AD3d 1084, 1085 [2014]; *Lisetskiy v Weiss*, 123 AD3d 775, 776 [2014]; *Spinosa v Golden Touch Transp. of NY, Inc.*, 122 AD3d 916, 917 [2014]). "A nonnegligent explanation includes, but is not limited to, 'sudden or unavoidable circumstances' " (*D'Agostino v YRC, Inc.*, 120 AD3d 1291, 1292 [2014], quoting *Gambino v City of New York*, 205 AD2d 583, 583 [1994]).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that Ricciardi's vehicle struck the rear of her vehicle while she was stopping in traffic (*see Le Grand v Silberstein*, 123 AD3d 773, 775 [2014]; *Spinosa v Golden Touch Transp. of NY, Inc.*, 122 AD3d at 917).

However, in opposition, Ricciardi raised a triable issue of fact with evidence of a nonnegligent explanation for the subject collision (*see D'Agostino v YRC, Inc.*, 120 AD3d at 1292). In an affidavit submitted by Ricciardi in opposition to the plaintiff's motion, Ricciardi provided an account of the accident that differed from the plaintiff's version. Therein, Ricciardi stated that she had stopped behind the plaintiff's vehicle, with her "foot on the brake for more than five seconds," when her vehicle was struck in the rear by Sutherland's vehicle. According to Ricciardi, as a result of the impact to the rear of her vehicle by Sutherland's vehicle, she was pushed forward into the rear of the plaintiff's vehicle. In contrast to the plaintiff's version, Ricciardi described only one impact by her vehicle to the rear of the plaintiff's vehicle. Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Ricciardi. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.