■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN SLATER, Appellant. [11 NYS3d 857]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, Bronx County (Joseph J. Dawson, J.), rendered on or about January 29, 2013, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Mazzarelli, J.P., Sweeny, Saxe, Richter and Manzanet-Daniels, JJ.

■ ALFRED BARRY, Respondent, v PEPSI-COLA BOTTLING COMPANY OF NEW YORK, INC., Appellant, et al., Defendants. [11 NYS3d 857]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered August 13, 2014, which denied the motion of defendant Pepsi-Cola Bottling Company of New York, Inc. for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

In this rear-end collision case, even assuming that the Pepsi vehicle, hit from behind, was illegally double-parked, that fact, standing alone "does not automatically establish that such double-parking was the proximate cause of the accident" (*Cervera v Moran*, 122 AD3d 482, 483 [1st Dept 2014] [internal quotation marks omitted]). Here, the record shows that the double-parked vehicle, given the road conditions at the time of the accident, namely, the favorable weather, the time of day, and the relatively minimal amount of traffic on the road at the time, "merely furnished the condition or occasion for the occurrence of the event but was not one of its causes" (*id.*; *see Pagan v Ouattara*, 115 AD3d 605 [1st Dept 2014]). Plaintiff's proffered excuse for the accident, that sunlight temporary blinded the driver of the rear vehicle, does not constitute a nonnegligent explanation for the rear-end collision (*see Agramonte v City of New York*, 288 AD2d 75, 76 [1st Dept 2001]). Concur—Mazzarelli, J.P., Sweeny, Saxe, Richter and Manzanet-Daniels, JJ.