█ Deborah Schmertzler, Respondent, v Lease Plan U.S.A., Inc., et al., Appellants. [27 NYS3d 648]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated June 17, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing their first and second affirmative defenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when her vehicle was struck in the rear by the defendants' vehicle. At the time of the accident, the plaintiff's vehicle was slowing down for a traffic condition ahead. The plaintiff commenced this action to recover damages for her personal injuries and moved, inter alia, for summary judgment on the issue of liability and dismissing the defendants' first and second affirmative defenses. In the order appealed from, the Supreme Court, inter alia, granted those

branches of the plaintiff's motion. The defendants appeal from those portions of the order.

"When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 769 [2014]; *see Gallo v Jairath*, 122 AD3d 795, 796 [2014]; *Taing v Drewery*, 100 AD3d 740, 741 [2012]). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Whelan v Sutherland*, 128 AD3d 1055, 1056 [2015]; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Brothers v Bartling*, 130 AD3d 554, 555 [2015]). "To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault" (*Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by submitting her affidavit, which demonstrated that her vehicle was slowing down for traffic in front of it when it was struck in the rear by the defendants' vehicle (*see Le Grand v Silberstein*, 123 AD3d 773, 775 [2014]; *Spinosa v Golden Touch Transp. of NY, Inc.*, 122 AD3d 916, 917 [2014]). In opposition, the defendants failed raise a triable issue of fact. The defendant driver's allegation that he did not recall seeing brake lights on the plaintiff's vehicle before the collision did not adequately rebut the inference of negligence (*see Waters v City of New York*, 278 AD2d 408, 409 [2000]; *Barile v Lazzarini*, 222 AD2d 635, 637 [1995]).

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' first and second affirmative defenses. Mastro, J.P., Chambers, Roman and Barros, JJ., concur.