■ CARLTON A. BOWEN, Respondent, v PAUL J. FARRELL, Appellant. [34 NYS3d 165]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Dufficy, J.), dated January 5, 2015, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Drakh v Levin*, 123 AD3d 1084, 1085 [2014]; *Lisetskiy v Weiss*, 123 AD3d 775, 776 [2014]). "To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault" (*Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *see McLaughlin v Lunn*, 137 AD3d 757 [2016]).

Here, in support of his motion for summary judgment on the issue of liability, the plaintiff relied on his own deposition testimony and the deposition testimony of the defendant. Although the parties provided conflicting testimony as to the facts surrounding the accident, under either version of the accident, the defendant's negligence in the operation of his vehicle was the sole proximate cause of the accident (*see Clarke v Phillips*, 112 AD3d 872, 873-874 [2013]; *Gibson v Levine*, 95 AD3d 1071, 1072 [2012]; *Giangrasso v Callahan*, 87 AD3d 521, 522 [2011]). Accordingly, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the defendant failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Cohen, Maltese and LaSalle, JJ., concur.