Sorocco v Meglio (2018 NY Slip Op 00325)





Sorocco v Meglio


2018 NY Slip Op 00325


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-05915
 (Index No. 849/13)

[*1]Pamela Sorocco, appellant, 
v
Bruce P. Meglio, et al., respondents (and a third-party action and another action).


Sobo & Sobo, LLP, Middletown, NY (Brian Y. Kim and Michael D. Wolff of counsel), for appellant.
Lori D. Fishman, Tarrytown, NY (Daniel D. Flynn of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated April 29, 2016, as denied her motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when a vehicle she was driving was struck in the rear by a vehicle owned by the defendant Ryder Truck Rental, Inc., leased by the defendant Logistics One, Inc., and operated by the defendant Bruce P. Meglio. The plaintiff commenced this action to recover damages for personal injuries, and moved for summary judgment on the issue of liability. The Supreme Court, inter alia, denied the motion, and the plaintiff appeals.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Cruz v Finney, 148 AD3d 772, 773; Drakh v Levin, 123 AD3d 1084, 1085). To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault (see Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d 754, 755; Bowen v Farrell, 140 AD3d 1001, 1002).
Here, in support of her motion the plaintiff submitted the transcript of her own deposition, at which she testified that, upon seeing a vehicle stopped in the lane ahead of her, she activated her hazard lights and applied her brakes "gently" to slow her vehicle. As she was slowing her vehicle it was struck from behind by the defendants' vehicle. This testimony was sufficient to establish her prima facie entitlement to judgment as a matter of law (see Schmertzler v Lease Plan U.S.A., Inc., 137 AD3d 1101, 1102; Le Grand v Silbersein, 123 AD3d 773, 775). In opposition, however, the defendants submitted evidence sufficient to raise a triable issue of fact as to whether the plaintiff was comparatively at fault in the happening of the accident (see D'Agostino v YRC, Inc., [*2]120 AD3d 1291, 1292; Martin v Cartledge, 102 AD3d 841; Kerstesz v Jason Transp. Corp., 102 AD3d 658, 659).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court