Lewis v City of New York (2018 NY Slip Op 00419)





Lewis v City of New York


2018 NY Slip Op 00419


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2016-07414
 (Index No. 7340/14)

[*1]Richard Lewis, et al., appellants, 
v
City of New York, et al., respondents.


Subin Associates, LLP, New York, NY (Robert J. Eisen and Brian Isaac of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Aaron Bloom and Kaitlin DíMaiolo of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Genovesi, J.), dated May 20, 2016, which denied their motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.
On September 5, 2013, the plaintiff Chantelle Kemp was a passenger in a vehicle operated by the plaintiff Richard Lewis which was struck in the rear by a vehicle owned by the defendant City of New York and operated by the defendant Jonathan Carl Lindie. The plaintiffs allegedly sustained personal injuries and, thereafter, commenced this action against the defendants. The plaintiffs moved for summary judgment on the issue of liability, contending that the defendant driver's negligent operation of his vehicle was the sole proximate cause of the accident. The Supreme Court denied the motion. The plaintiffs appeal.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Bowen v Farrell, 140 AD3d 1001, 1002; Theo v Vasquez, 136 AD3d 795, 796). "A nonnegligent explanation includes, but is not limited to, sudden or unavoidable circumstances'" (D'Agostino v YRC, Inc., 120 AD3d 1291, 1292, quoting Gambino v City of New York, 205 AD2d 583, 583).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating that their vehicle was stopped for the traffic condition ahead when it was struck in the rear by the defendants' vehicle, and that they were not comparatively at fault in the happening of the accident (see Bowen v Farrell, 140 AD3d at 1002; Bene v Dalessio, 135 AD3d 679, 680; Lisetskiy v Weiss, 123 AD3d 775, 776). In opposition, the defendants failed to raise a triable issue of fact (see Barry v Pepsi-Cola Bottling Co. of N.Y., Inc., 130 AD3d 500; Lee v D. Daniels Contr., Ltd., 113 AD3d 824; Agramonte v City of New York, 288 AD2d 75, 76; Marsella v Sound [*2]Distrib. Corp., 248 AD2d 683, 684).
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability.
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court