Battocchio v Paolino (2019 NY Slip Op 02477)





Battocchio v Paolino


2019 NY Slip Op 02477


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Friedman, J.P., Gische, Tom, Gesmer, Moulton, JJ.


8874 306330/11

[*1]Kimberly Battocchio, etc., et al., Plaintiffs-Respondents,
v
Scott . Paolino, et al., Defendants-Appellants, City of New York, et al., Defendants.


Saretsky Katz & Dranoff, LLP, New York (Allen L. Sheridan of counsel), for appellants.
Brown, Gaujean, Kraus & Sastow, PLLC, White Plains (Steven W. Kraus of counsel), for respondents.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about May 2, 2018, which denied defendants Scott V. Paolino and Dragonetti Brothers Landscaping Nursery and Tree Care, Inc.'s motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In this rear-end collision case, the fact that the truck owned and operated by defendants had entered onto the parkway one exit earlier than authorized by a permit issued by the Department of Transportation, standing alone, does not establish that the early entry onto the parkway was a proximate cause of the accident (Barry v Pepsi-Cola Bottling Co. of N.Y., Inc., 130 AD3d 500 [1st Dept 2015], lv denied 26 NY3d 910 [2015]). The record reflects that the accident occurred on a dry and sunny day with light traffic, that defendant Paolino was driving the truck slowly, and that Paolino had turned on the truck's hazard lights. The truck's presence on the parkway merely furnished the condition or occasion for the occurrence of the accident, but not its cause (id.; Beloff v Gerges, 80 AD3d 460 [1st Dept 2011]).
Plaintiffs' proffered excuse for the accident, that the bright sunlight may have made it difficult for the decedent to see defendants' truck driving through the tunnel, does not constitute a nonnegligent explanation for the rear-end collusion (Morales v Garzon, 120 AD3d 1126 [1st Dept 2014], lv denied 25 NY3d 902 [2015]; Barry, 130 AD3d at 500). The affidavit by plaintiffs' accident reconstruction expert is not based on any
evidence and therefore fails to raise an issue of fact (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Wright v New York City Hous. Auth., 208 AD2d 327, 331 [1st Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK