Pollet v Charyn (2021 NY Slip Op 06715)





Pollet v Charyn


2021 NY Slip Op 06715


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-07033
 (Index No. 608806/16)

[*1]Leigh Pollet, appellant-respondent,
v
Jillian Charyn, et al., respondents-appellants.


Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville, NY (Michael E. Bergman, Amit Sondhi, Julie T. Mark, and Clifford Gabel of counsel), for appellant-respondent.
Kelly, Rode and Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated March 13, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries to his shoulders and chest and the cervical and lumbar regions of his spine, and under the 90/180-day category within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The order, insofar as cross-appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained a serious injury to his abdomen within the meaning of Insurance Law § 5102(d) as a result of the accident, and granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries to his shoulders and chest and the cervical and lumbar regions of his spine, and under the 90/180-day category within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On December 11, 2014, a vehicle operated by the plaintiff was struck in the rear by a vehicle operated by the defendant Jillian Charyn (hereinafter the defendant driver) and owned by the defendant Howard Charyn. The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in the accident. The plaintiff moved for summary judgment on the issue of liability. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § [*2]5102(d) as a result of the subject accident.
In an order dated March 13, 2019, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability. In addition, the court granted those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries to his shoulders and chest and the cervical and lumbar regions of his spine, and under the 90/180-day category within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied that branch of the same motion which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained a serious injury to his abdomen within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff appeals, and the defendants cross-appeal.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury to his abdomen under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) as a result of the accident (see Cortez v Nugent, 175 AD3d 1383, 1384; Straussberg v Marghub, 108 AD3d 694, 695; Kearney v Garrett, 92 AD3d 725, 726).
As the defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury to his abdomen, it was unnecessary for the Supreme Court to determine whether the evidence submitted by the plaintiff raised a triable issue of fact as to whether his other alleged injuries meet the "no fault" threshold (see Linton v Nawaz, 14 NY3d 821, 822; Navarro v Afifi, 138 AD3d 803, 804; Chul Koo Jeong v Denike, 137 AD3d 1189, 1190; Hughes v Cai, 31 AD3d 385, 385-386). Thus, the court should have denied the defendants' motion for summary judgment dismissing the complaint in its entirety.
Turning to the plaintiff's motion for summary judgment on the issue of liability, a "plaintiff is no longer required to show freedom from comparative fault to establish his or her prima facie entitlement to judgment as a matter of law on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New York, 31 NY3d 312, 323). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Xin Fang Xia v Saft, 177 AD3d at 825 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1129[a]). As such, it is settled that "a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Drakh v Levin, 123 AD3d 1084, 1085; see Tutrani v County of Suffolk, 10 NY3d 906, 908; Lisetskiy v Weiss, 123 AD3d 775, 776). "Stops by a lead vehicle which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows" (Perez v Persad, 183 AD3d 771, 772). Further, evidence that the plaintiff's vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence of the operator of the rear vehicle (see Buchanon v Keller, 169 AD3d 989, 992).
Here, the plaintiff testified at his deposition that he was driving in very heavy traffic and was stopped for approximately 20 seconds when his vehicle was struck in the rear by the defendants' vehicle. Similarly, the defendant driver testified that traffic was "bumper to bumper" and that the plaintiff's vehicle was stopped, albeit for approximately 5 seconds, before the defendants' vehicle hit the plaintiff's vehicle in the rear. Thus, the plaintiff established, prima facie, that the defendant driver's negligence was a proximate cause of the accident (see Perez v Persad, 183 AD3d at 772; Xin Fang Xia v Saft, 177 AD3d at 826; Buchanon v Keller, 169 AD3d at 992). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary [*3]judgment on the issue of liability.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court