Oliva v Perez-Gomez (2024 NY Slip Op 51514(U))

[*1]

Oliva v Perez-Gomez

2024 NY Slip Op 51514(U)

Decided on November 11, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 11, 2024
Supreme Court, Kings County

Jacqueline Oliva, Plaintiff,

against
Rolando Perez-Gomez and HOYT TRANSPORTATION CORP., Defendants.

Index No. 505123/2024

The Bongiorno Law Firm, PLLC, Garden City (Anthony M. Vassallo of counsel), for plaintiff.
Silverman Shin & Schneider, New York City (Anna L. Bock of counsel), for defendants.

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 14-21, 23-31.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had [FN1]
, the within motion is determined as follows.
 Issue
The within motion raises an issue of how minimal in terms of information provided can a plaintiff's affidavit in a hit-in-the-rear case be in order to make out a prima facie case on her motion for summary judgment against the defendant on the issue of liability.

 Background
The complaint in this action alleged that defendant Rolando Perez-Gomez negligently came in contact with the vehicle operated by plaintiff Jacqueline Oliva on October 21, 2022, on 38th Street at or near its intersection with 4th Avenue, in Brooklyn, causing plaintiff to sustain serious injuries (see generally NYSCEF Doc No. 17, complaint).
Plaintiff has now moved against defendants for summary judgment on the issue of [*2]liability and to strike defendants' fourth affirmative defense alleging comparative negligence (see NYSCEF Doc No. 14, notice of motion at 1).

 Evidence
Plaintiff's evidence in support of her motion [FN2]
comprises her own affidavit and a certified police report. The police report states that Vehicle 1 (operated by defendant) did collide with Vehicle 2 (operated by plaintiff) on the rear. The location is set forth as 38th Street at the intersection 4th Avenue.
Consisting of five paragraphs, plaintiff's affidavit is exceedingly short. Aside from stating that she was the plaintiff and sustained serious injuries with continued pain, the affidavit's contents are as follows:
2. On October 21, 2022, at approximately 10:00 p.m., I was the driver of a motor vehicle involved in an accident on 38th Street at or near its intersection with 4th Avenue, in the County of Kings, State of New York.
3. At the time of the accident, I was stopped for traffic ahead of me on 38th Street at or near its intersection with 4th Avenue, when a vehicle I now know to be owned by defendant, HOYT TRANSPORTATION CORP. and operated by defendant, ROLANDO PEREZ-GOMEZ, suddenly struck my vehicle in the rear. (NYSCEF Doc No. 20 ¶¶ 2-3.)

 Discussion
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314 [2024]).
As was noted in Bonaventura v Galpin (119 AD3d 625 [2d Dept 2014]),
Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it "should only be employed when there is no doubt as to the absence of triable issues" (Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The function of the court on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but merely to determine whether such issues exist (see Guadalupe v New York [*3]City Tr. Auth., 91 AD3d 716 [2012]; Kolivas v Kirchoff, 14 AD3d 493 [2005]).
"A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie . . . that the defendant was negligent. . ." (McLaughlin v Lunn, 137 AD3d 757, 757 [2d Dept 2016]). "Although a plaintiff need not demonstrate the absence of his or her own comparative negligence to be entitled to partial summary judgment as to a defendant's liability (see Rodriguez v City of New York, 31 NY3d 312, 324-325), the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense of comparative negligence (see e.g. Jiang-Hong Chen v Heart Tr., Inc., 143 AD3d 945, 945 [2016])" (Poon v Nisanov, 162 AD3d 804, 808 [2d Dept 2018]).
A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle (see Vehicle and Traffic Law Section 1129 [a]; Grecco v Altice USA, Inc., 230 AD3d 655, 656 [2d Dept 2024]; Thompson v New York City Tr. Auth., 208 AD3d 815, 817 [2d Dept 2022]; Pollet v Charyn, 200 AD3d 728, 730). Thus, a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (see Grecco v Altice USA, Inc., 230 AD3d at 656; Pollet v Charyn, 200 AD3d at 730 [2d Dept 2021]; Edgerton v City of New York, 160 AD3d 809, 810 [2d Dept 2018]). Under proper circumstances, a sudden stop of the lead vehicle — but not standing alone — may constitute a nonnegligent explanation for a rear-end collision (see Grecco v Altice USA, Inc., 230 AD3d at 656; Quinones v Grace Indus., LLC, 219 AD3d, 765, 766 [2d Dept 2023]; Despinos-Cadet v Stein, 209 AD3d 978, 980 [2d Dept 2022]; Pollet v Charyn, 200 AD3d at 730-731 [2d Dept 2023]. But stops by a lead vehicle which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows (see Quinones v Grace Indus., LLC, 219 AD3d at 766; Thompson v New York City Tr. Auth., 208 AD3d at 817; Pollet v Charyn, 200 AD3d at 730; Perez v Persad, 183 AD3d 771, 772 [2d Dept 2020]). 
As noted above, the only information provided by plaintiff about the subject accident was the following:
2. On October 21, 2022, at approximately 10:00 p.m., I was the driver of a motor vehicle involved in an accident on 38th Street at or near its intersection with 4th Avenue, in the County of Kings, State of New York.
3. At the time of the accident, I was stopped for traffic ahead of me on 38th Street at or near its intersection with 4th Avenue, when a vehicle I now know to be owned by defendant, HOYT TRANSPORTATION CORP. and operated by defendant, ROLANDO PEREZ-GOMEZ, suddenly struck my vehicle in the rear. (NYSCEF Doc No. 20, plaintiff aff ¶¶ 2-3.)
The Court poses the question as to whether these two sentences, without more details, suffice to make out a prima facie case of defendant's negligence. In assessing this, the Court turned to recent Appellate Division, Second Department decisions for descriptions of evidence sufficing to establish prima facie entitlement to summary judgment on liability in hit-in-rear-cases.
The following statement is overly broad: "Here, the plaintiff established his prima facie [*4]entitlement to judgment as a matter of law on the issue of liability through the submission of his affidavit, in which he averred that his vehicle was struck in the rear by the defendants' vehicle" (Bruce v Takahata, 219 AD3d 448, 449 [2d Dept 2023]). The Court doubts that an affidavit of a plaintiff stating merely that she was struck in the rear by the defendant — with no other information — would suffice.
In several cases, the Appellate Division indicated that a plaintiff's affidavit made mention of his location on a thoroughfare: "Brayer, as the lessee and operator of the lead vehicle, demonstrated his prima facie entitlement to judgment as a matter of law by submitting his deposition testimony in which he testified that, as he was driving in the center northbound lane on the FDR Drive, his vehicle was struck in the rear by the vehicle operated by Melendez" (Hernandez v Brayer, 208 AD3d 642, 643 [2d Dept 2022]). "Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating, through their deposition testimony, that their vehicle was traveling within one lane of traffic at all times when it was struck in the rear by the defendant's vehicle." (Scheker v Brown, 85 AD3d 1007, 1007 [2d Dept 2011]). "Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of her affidavit, in which she averred that her vehicle was struck in the rear by the defendants' vehicle while the plaintiff's vehicle was parked on the shoulder of the roadway" (Whaley v Carvana NY City, 219 AD3d 1561, 1562 [2d Dept 2023]). In the instant case, while plaintiff stated that she was on 38th Street, she did not detail whether she was in an eastbound or westbound direction. Thus, it is indeterminable whether she was between 3rd and 4th Avenues or between 4th and 5th Avenues. We also do not know how many lanes of traffic there were on 38th Street. Further, was plaintiff stopped toward the end of the block or in the middle?
In some cases, the Appellate Division referred to evidence indicating only if the plaintiff's vehicle had stopped or was stopping: "Here, the plaintiff established his prima facie entitlement to judgment as a matter of law through the submission of his own affidavit, in which he averred that his vehicle was slowing due to traffic when it was struck in the rear by the defendant's vehicle" (Mahmud v Feng Ouyang, 208 AD3d 861, 862 [2d Dept 2022]; see Spinosa v Golden Touch Transp., 122 AD3d 916, 917 [2d Dept 2014]). "The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability, based on Oguzturk's affidavit, in which he stated that his vehicle was stopped in traffic when it was struck in the rear by the defendants' vehicle" (Oguzturk v General Elec. Co., 65 AD3d 1110, 1110 [2d Dept 2009]). Here, plaintiff has attested to being stopped for traffic ahead of her. However, she did not indicate whether she came to a gradual stop or a sudden one, and how long it took her to stop.
Why a vehicle was stopped was included in a plaintiff's evidence, as mentioned in some decisions: "Here, the respondents established their entitlement to judgment as a matter of law by demonstrating, prima facie, that their vehicle was fully stopped for the traffic condition ahead when it was hit in the rear by the bus operated by Baichoo" (Edgerton v City of New York, 160 AD3d 809 at 810 [2d Dept 2018]). "Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging negligent operation of a motor vehicle by submitting her affidavit wherein she averred that her vehicle was stopped at a red traffic light when it was struck in the rear by the defendants' vehicle" (Martin v Copado-Esquivel, 226 AD3d 668, 670 [2d Dept 2024]). "The plaintiff established his prima facie entitlement to judgment as a matter of law by submitting evidence [*5]that Portanova was negligent in striking the rear of Grecco's vehicle after Grecco stopped in an intersection to yield to an ambulance displaying emergency lights" (Grecco v Altice USA, Inc., 230 AD3d 655 at 656 [2d Dept 2024]). "Here, the plaintiff established his prima facie entitlement to judgment as a matter of law through the deposition testimonies of himself and Stein, which demonstrated that the plaintiff's vehicle had stopped in the roadway for a traffic condition in front of a gas station when it was struck in the rear by the vehicle operated by Stein" (Munoz v Agenus, Inc., 207 AD3d 643, 645 [2d Dept 2022]). In the instant case, plaintiff stated merely that she was stopped "for traffic," without indicating why traffic had stopped, i.e., a red light, an accident, an emergency vehicle, or something else.
Whether the plaintiff's foot was on the brake was mentioned in "Here, the plaintiff testified at his deposition that he was reducing the speed of his vehicle, with his foot on the brake pedal, when his vehicle was struck in the rear by the defendant's vehicle" (Xin Fang Xia v Saft, 177 AD3d 823, 826 [2d Dept 2019]). This actually is relevant because unless one has her foot on the brake, the brake lights would not be illuminated, thus providing signaling to the defendant that one has come to a complete halt. Plaintiff herein did not state that her foot was on the brake when she stopped; neither did she state that her brake lights were operational.
Another fact in hit-in-the-rear accidents was mentioned in decisions where plaintiffs indicated how long they were stopped: "Here, the plaintiff testified at his deposition that he was driving in very heavy traffic and was stopped for approximately 20 seconds when his vehicle was struck in the rear by the defendants' vehicle" (Pollet v Charyn, 200 AD3d at 731 [2d Dept 2021]). "Here, in support of their motion for summary judgment on the issue of liability, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability against the defendants by submitting evidence showing that their vehicle had been stopped for approximately one minute when the defendants' vehicle rear-ended their vehicle. (Reitz v Seagate Trucking, Inc., 71 AD3d 975, 976 [2d Dept 2010]). Plaintiff in the instant case did not state how long she had been stopped before being impacted by defendant.
Case law holds that a driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions (supra at 3), but plaintiff did not set forth what were the prevailing conditions (light, medium, or heavy traffic). Neither did plaintiff describe the weather conditions and the condition of the roadway (wet or dry).
What further caught this Court's attention was how plaintiff asserted that it was defendant who struck her. She wrote in her affidavit that she now knew that the vehicle which struck hers was operated by defendant Rolando Perez-Gomez and owned by defendant Hoyt Transportation Corp. (see NYSCEF Doc No. 20, plaintiff aff). Plaintiff did not relate how she knew this to be the case. It is true that the certified police report attributes the collision into plaintiff's vehicle as being caused by defendant operator yet the officer does not state that he witnessed the accident. In the context of a situation where the defendant denied being involved in an accident, it was held that a plaintiff failed to provide a description of the vehicle that struck his vehicle or an explanation as to how he obtained the subject license plate number; summary judgment was denied to the plaintiff (see Tejada v Gassaway, 228 AD3d 794, 795 [2d Dept 2024]). Defendants do not dispute that the defendants' vehicle struck plaintiff's yet the fact that defendants are liable needed to be established in plaintiff's evidence before the Court considers the defendants' papers in opposition.
In a plaintiff's summary judgment motion, establishing liability on the part of a defendant [*6]who struck the rear of a plaintiff's vehicle should not be that difficult. Here, however, this Court finds that the facts asserted in plaintiff's affidavit were deficient. Omitted were which side of the 38th Street-4th Avenue intersection the accident took place near, how many lanes of traffic there were, whether plaintiff stopped gradually or sharply, how long it took to stop, the reason traffic was stopped, whether her foot was on the brake before impact (as this goes to whether her brake lights were illuminated), whether her brake lights were operational, how long she had stopped before impact, and the prevailing traffic, weather, and roadway conditions. Neither did plaintiff establish through personal knowledge that it was defendants' vehicle which struck hers. Absent much of this information and bearing in mind that if there is any doubt as to the existence of a triable issue of fact and that facts must be viewed in the light most favorable to defendants, as the non-moving parties, the Court finds that plaintiff failed to establish prima facie entitlement to summary judgment against defendants on the issue of liability. The burden of having to rebut plaintiff's showing did not shift to defendants.
Likewise, plaintiff failed to establish summary judgment entitling her to dismissal of defendants' affirmative defense alleging comparative negligence. As noted supra at 3, a sudden stop of the lead vehicle — but not standing alone — may constitute a nonnegligent explanation for a rear-end collision. Due to missing information concerning the circumstances under which the accident occurred, plaintiff has not eliminated all triable issues of fact on the issue of whether she was comparatively negligent (see Fischetti v Simonovsky, 227 AD3d 670, 672 [2d Dept 2024] [The plaintiff's affidavit failed to provide sufficient details to demonstrate, prima facie, that she was not comparatively at fault in causing the accident."]; Lee v Huang, 223 AD3d 790, 791-792 [2d Dept 2024]; Karim v Proline Rental, LLC, 222 AD3d 851, 853 [2d Dept 2023]; Acevedo v CKF Produce Corp., 216 AD3d 885, 672-673 [2d Dept 2023]).

Conclusion
Accordingly, it is hereby ORDERED that Plaintiff's motion for summary judgment on the issue of liability and to strike defendants' fourth affirmative defense alleging comparative negligence is DENIED.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:Also submitted were an attorney's affirmation, the pleadings, and the bill of particulars (see NYSCEF Doc Nos. 15-18).