Tzaquitzal v Metropolitan Trucking, Inc.

2026 NY Slip Op 02145

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Oscar Tzaquitzal, respondent,

v

Metropolitan Trucking, Inc., et al., defendants, Logistics One Transport, Inc., et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2025-00746, (Index No. 511650/18)

Betsy Barros, J.P.

Cheryl E. Chambers

Lillian Wan

Susan Quirk, JJ.

Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Shawn Schatzle of counsel), for appellants.

Kelner & Kelner, New York, NY (Joshua D. Kelner of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendants Logistics One Transport, Inc., and Thomas Hohn appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated December 5, 2024. The order, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them or, in the alternative, for summary judgment on the issue of the plaintiff's negligence.

ORDERED the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for injuries he allegedly sustained in a four-vehicle chain collision that included, among others, a vehicle operated by the defendant Thomas Hohn and owned by the defendant Logistics One Transport, Inc. (hereinafter together the Logistics defendants). The vehicles were traveling on the Cross Bronx Expressway, in the middle of three lanes, when the lead vehicle, owned by the defendant Metropolitan Trucking, Inc., and operated by the defendant Francis Churchwell (hereinafter the Metropolitan vehicle), stopped to avoid a disabled vehicle from a prior accident. The Logistics defendants' vehicle, which was traveling behind the Metropolitan vehicle, then struck the Metropolitan vehicle. The plaintiff's vehicle, which was traveling behind the Logistics defendants' vehicle, struck the Logistics defendants' vehicle. The fourth vehicle, operated by the defendant Anissa Loftin and owned by Terry Loftin, now deceased, struck the plaintiff's vehicle.

The Logistics defendants moved, among other things, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them or, in the alternative, for summary judgment on the issue of the plaintiff's negligence. The plaintiff opposed the motion. In an order dated December 5, 2024, the Supreme Court, inter alia, denied those branches of the motion. The Logistics defendants appeal.

"A '[d]efendant[ ] moving for summary judgment in a negligence action arising out of an automobile accident ha[s] the burden of establishing, prima facie, that [he or she was] not at fault in the happening of the accident, or that the alleged negligence of another person was the sole [*2]proximate cause [thereof]'" (Morante v Blaney, 234 AD3d 679, 680, quoting Woods v Burgos, 220 AD3d 688, 689). "If the defendant makes a prima facie showing of entitlement to judgment as a matter of law, the burden shifts to the plaintiff to raise a triable issue of fact" (id.).

"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Grier-Key v Lyons, 195 AD3d 798, 799 [internal quotation marks omitted], quoting Witonsky v New York City Tr. Auth., 145 AD3d 938, 939; see Vehicle and Traffic Law § 1129[a]). Thus, "'a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision'" (Pollet v Charyn, 200 AD3d 728, 730, quoting Drakh v Levin, 123 AD3d 1084, 1085). "'A nonnegligent explanation includes, but is not limited to, sudden or unavoidable circumstances'" (Drakh v Levin, 123 AD3d at 1085 [internal quotation marks omitted], quoting D'Agostino v YRC, Inc., 120 AD3d 1291, 1292; see An v Abbate, 213 AD3d 891, 892; Gambino v City of New York, 205 AD2d 583, 583). "'Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead'" (Tenezaca v State of New York, 220 AD3d 959, 961, quoting Quintanilla v Mark, 210 AD3d 713, 714; see Pollet v Charyn, 200 AD3d at 728).

Moreover, "'[n]ot every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision'" (Martinez v Allen, 163 AD3d 951, 951-952, quoting Tutrani v County of Suffolk, 64 AD3d 53, 59-60). "Thus, where the frontmost driver also operates his [or her] vehicle in a negligent manner, the issue of comparative negligence is for a jury to decide" (Gaeta v Carter, 6 AD3d 576, 577).

Here, the evidence submitted by the Logistics defendants in support of their motion demonstrated the existence of triable issues of fact as to whether Hohn negligently came to a sudden stop due to Hohn's alleged inattentiveness and failure to maintain a safe following distance behind the Metropolitan vehicle in the moments before the collision. Under these circumstances, the Logistics defendants failed to establish, prima facie, that they were free from negligence or that any negligence on their part was not a proximate cause of the plaintiff's injuries (see Trinidad v Llapa, 231 AD3d 1183, 1184; Conroy v New York City Tr. Auth., 167 AD3d 977, 979; Colonna v Suarez, 278 AD2d 355). For the same reason, under these circumstances, the Logistics defendants' submissions also failed to establish, prima facie, that Hohn's sudden stop did not constitute a nonnegligent explanation for the plaintiff's rear-end collision with the Logistics defendants' vehicle (see Yearwood v New York City Tr. Auth., 227 AD3d 843, 845).

Accordingly, the Supreme Court properly denied those branches of the Logistics defendants' motion which were for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them or, in the alternative, for summary judgment on the issue of the plaintiff's negligence, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

BARROS, J.P., CHAMBERS, WAN and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court