Perez v Persad (2020 NY Slip Op 02816)





Perez v Persad


2020 NY Slip Op 02816


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2019-00094
 (Index No. 510628/18)

[*1]Ana C. Perez, respondent, 
v
Sterling Persad, et al., appellants.


Law Offices of Richard M. Sands, P.C., Freeport, NY, for appellants.
Crasto & Associates, P.C. (The Law Office of Judah Z. Cohen, PLLC, Woodmere, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated December 6, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On October 13, 2017, the plaintiff, while operating a vehicle on Lefferts Boulevard in Queens, allegedly was injured when her vehicle stopped at a red light, and was then struck in the rear by a vehicle owned by the defendant Tejet Express Transportation, Inc., and operated by the defendant Sterling Persad (hereinafter together the defendants). In May 2018, the plaintiff commenced this action against the defendants, alleging negligence. After the defendants interposed an answer, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the plaintiff's motion, and the defendants appeal.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Edgerton v City of New York, 160 AD3d 809). " A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Witonsky v New York City Tr. Auth., 145 AD3d 938, 939, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Xin Fang Xia v Saft, 177 AD3d 823, 825). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New York, 31 NY3d 312). Stops by a lead vehicle which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows (see Xin Fang Xia v Saft, 177 AD3d at 826; Le Grand v Silberstein, 123 AD3d 773, 775). Moreover, an assertion that the lead vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the operator of the rear vehicle (see Buchanan v Keller, 169 AD3d 989, 992; Brothers v Bartling, 130 AD3d 554, 556).
Here, the plaintiff, in her affidavit in support of her motion, stated that she was stopped at a red traffic light when her vehicle was struck from behind by the defendants' vehicle. Thus, the plaintiff established, prima facie, that Persaud's negligence was a proximate cause of the accident (see Rodriguez City of New York, 31 NY3d 312; Xin Fang Xia v Saft, 177 AD3d at 826). The defendants submitted an affidavit from Persad in opposition to the plaintiff's motion. Persad asserted that after both his vehicle and the plaintiff's vehicle had stopped for a red light, the plaintiff's vehicle began to move forward when the light turned green and then abruptly stopped, causing his vehicle, which had begun to move forward, to come into contact with the rear of the plaintiff's vehicle. In essence, this explanation amounts to nothing more than a claim that the plaintiff's vehicle came to a sudden stop which, without more, failed to raise a triable issue of fact as to Persad's liability (see Buchanan v Keller, 169 AD3d at 992).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the issue of liability. Comparative negligence on the part of the plaintiff, if any, which would offset the amount of damages, must abide the trial (see Rodriguez v City of New York, 31 NY3d at 318-319).
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court