Singh v Bisnath (2020 NY Slip Op 05547)





Singh v Bisnath


2020 NY Slip Op 05547


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2019-08565
 (Index No. 515814/17)

[*1]Savitri Singh, plaintiff-respondent, 
v
Kavita Bisnath, et al., defendants third-party plaintiffs-appellants, Lynda K. Ramdat, defendant third-party defendant-respondent.


James G. Bilello, Hicksville, NY (Alina Vengerov of counsel), for defendants third-party plaintiffs-appellants.
DeSena & Sweeney, LLP, Bohemia, NY (Shawn P. O'Shaughnessy of counsel), for defendant third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Kavita Bisnath and Brian Chalu appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated June 7, 2019. The order granted the motion of the defendant Lynda K. Ramdat, in effect, for summary judgment dismissing the complaint and the cross claim against her, and the third-party complaint.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Lynda K. Ramdat which was, in effect, for summary judgment dismissing the complaint insofar as asserted against her is dismissed as the defendants Kavita Bisnath and Brian Chalu are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156); and it is further,
ORDERED that the order is reversed insofar as reviewed, and those branches of the motion of the defendant Lynda K. Ramdat which were, in effect, for summary judgment dismissing the cross claim against her and the third-party complaint are denied; and it is further,
ORDERED that one bill of costs is awarded to the defendants Kavita Bisnath and Brian Chalu payable by the defendant Lynda K. Ramdat.
The plaintiff was a passenger in a vehicle operated by the defendant Lynda K. Ramdat, when the front of Ramdat's vehicle came into contact with the rear of a vehicle operated by the defendant Kavita Bisnath and owned by the defendant Brian Chalu. At the time of the impact, the vehicle operated by Bisnath was moving in reverse.
The plaintiff subsequently commenced this personal injury action against Bisnath and Chalu. Bisnath and Chalu commenced a third-party action against Ramdat, and the plaintiff then amended the complaint to add Ramdat as a defendant. Bisnath and Chalu asserted a cross claim against Ramdat. Ramdat moved, in effect, among other things, for summary judgment dismissing the cross claim and the third-party complaint. In an order dated June 7, 2019, the Supreme Court, [*2]inter alia, granted those branches of the motion.
Ramdat established her prima facie entitlement to judgment as a matter of law dismissing the cross claim and third-party complaint by averring that the Bisnath vehicle reversed into her stopped vehicle even though she honked the horn in warning (see Vehicle and Traffic Law § 1211[a]; Portalatin v City of New York, 165 AD3d 1302, 1303; Logan v Apex Express, Inc., 165 AD3d 910, 911). However, in opposition, Bisnath and Chalu raised a triable issue of fact as to whether Ramdat failed to exercise reasonable care in the operation of her vehicle and was comparatively at fault in the happening of the accident (see Logan v Apex Express, Inc., 165 AD3d at 911; Matos v Salem Truck Leasing, 105 AD3d 916, 917). In particular, Bisnath averred that, in order to parallel park, she stopped, adjusted her sideview mirror, began backing up, and was already angling into the spot when Ramdat hit her. Under these circumstances, the Supreme Court should have denied those branches of Ramdat's motion which were for summary judgment dismissing the cross claim and third-party complaint.
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court