Thompson v New York City Tr. Auth. (2022 NY Slip Op 05052)

Thompson v New York City Tr. Auth.

2022 NY Slip Op 05052

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-07937
 (Index No. 519319/18)

[*1]Lemuel Thompson, plaintiff-respondent, 
v
New York City Transit Authority, et al., appellants, Nathaniel McRae, defendant-respondent.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
James G. Bilello, Hicksville, NY (Alina Vengerov of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, and Jose Pena appeal from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated September 16, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants New York City Transit Authority and Jose Pena, and granted the separate motion of the defendant Nathaniel C. McRae for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Nathaniel C. McRae which was for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as the defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, and Jose Pena are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the appeal by the defendants Manhattan and Bronx Surface Transit Operating Authority and Metropolitan Transportation Authority from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants New York City Transit Authority and Jose Pena is dismissed, as those defendants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Nathaniel C. McRae which was for summary judgment dismissing all cross claims insofar as asserted against him, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, and Jose Pena, payable by the defendant Nathaniel C. McRae.
On February 12, 2018, at approximately 8:00 p.m., a vehicle operated by the defendant Nathaniel C. McRae was struck in the rear by a bus operated by the defendant Jose Pena. The plaintiff was sitting in the front passenger seat of McRae's vehicle when the accident occurred.
In September 2018, the plaintiff commenced this personal injury action against New York City Transit Authority (hereinafter NYCTA), Manhattan and Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, and Pena (hereinafter collectively the NYCTA defendants), and McRae. The NYCTA defendants and McRae asserted cross claims against one another.
On November 19, 2020, the plaintiff moved, inter alia, for summary judgment on the issue of liability against NYCTA and Pena. On December 8, 2020, McRae moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. By order dated September 16, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against NYCTA and Pena, and granted McRae's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The NYCTA defendants appeal.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Perez v Persad, 183 AD3d 771, 771). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Witonsky v New York City Tr. Auth., 145 AD3d 938, 939 [internal quotation marks omitted]). "Stops by a lead vehicle which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows" (Perez v Persad, 183 AD3d at 772; see Buchanan v Keller, 169 AD3d 989, 991-992). "Moreover, an assertion that the lead vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the operator of the rear vehicle" (Perez v Persad, 183 AD3d at 772). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New York, 31 NY3d 312).
Here, the plaintiff established, prima facie, that NYCTA and Pena were negligent. In support of his motion, the plaintiff submitted, inter alia, the transcript of his deposition testimony, which demonstrated that the bus Pena was operating struck McRae's stopped vehicle in the rear. In opposition, the NYCTA defendants failed to raise a triable issue of fact. The NYCTA defendants submitted, among other things, an affidavit in which Pena averred that McRae made a right turn into the path of the bus and began to move forward, but then stopped short. In essence, this explanation amounts to nothing more than a claim that McRae's vehicle came to a sudden stop which, without more, failed to raise a triable issue of fact as to NYCTA and Pena's liability (see Perez v Persad, 183 AD3d 771; Buchanan v Keller, 169 AD3d at 992).
The Supreme Court should have denied that branch of McRae's motion which was for summary judgment dismissing all cross claims insofar as asserted against him. In support of his motion, McRae submitted his affidavit, in which he averred that his vehicle, while stopped at a red light, was struck in the rear by the bus operated by Pena. Thus, McRae established, prima facie, that Pena was solely at fault in the happening of the accident (see Singh v Bisnath, 187 AD3d 814; Logan v Apex Express, Inc., 165 AD3d 910). In opposition, however, the NYCTA defendants raised a triable issue of fact as to whether McRae was comparatively at fault in the happening of the accident because he stopped suddenly for no apparent reason (see Singh v Bisnath, 187 AD3d 814; Logan v Apex Express, Inc., 165 AD3d 910).
The NYCTA defendants' remaining contentions are without merit.
Accordingly, we modify the order so as to deny that branch of McRae's motion which was for summary judgment dismissing all cross claims insofar as asserted against him.
BARROS, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court