McRae v City of New York (2022 NY Slip Op 05034)

McRae v City of New York

2022 NY Slip Op 05034

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-07749
 (Index No. 508337/18)

[*1]Nathaniel C. McRae, respondent, 
v
City of New York, defendant, Metropolitan Transportation Authority, et al., appellants.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Alex Yadgarov & Associates P.C., Rosedale, NY (Andrew Lavadera and Michael A. Stea of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Metropolitan Transportation Authority, MTA Bus Company, NYC Transit Authority, and Jose Pena appeal from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated September 16, 2021. The order granted the plaintiff's motion for summary judgment on the issue of liability against the defendants Metropolitan Transportation Authority, MTA Bus Company, NYC Transit Authority, and Jose Pena.
ORDERED that the order is affirmed, with costs.
On February 12, 2018, at approximately 8:00 p.m., a bus operated by Jose Pena struck the plaintiff's vehicle in the rear. The plaintiff commenced this personal injury action against, among others, Metropolitan Transportation Authority, MTA Bus Company, NYC Transit Authority, and Pena (hereinafter collectively the defendants), and subsequently moved for summary judgment on the issue of liability against the defendants. By order dated September 16, 2021, the Supreme Court granted the plaintiff's motion. The defendants appeal.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Perez v Persad, 183 AD3d 771, 771). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Witonsky v New York City Tr. Auth., 145 AD3d 938, 939 [internal quotation marks omitted]). "Stops by a lead vehicle which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows" (Perez v Persad, 183 AD3d at 771-772; see Buchanan v Keller, 169 AD3d 989, 991-992). "Moreover, an assertion that the lead vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the operator of the rear vehicle" (Perez v Persad, 183 AD3d at 772). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of [*2]liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New York, 31 NY3d 312).
Here, the plaintiff established, prima facie, that Pena's negligence was a proximate cause of the accident. In support of his motion, the plaintiff submitted an affidavit in which he averred that his vehicle was stopped at a red light when it was struck in the rear by the bus operated by Pena (see Rodriguez v City of New York, 31 NY3d 312; Perez v Persaud, 183 AD3d 771). In opposition, the defendants failed to rebut the inference of negligence by providing a nonnegligent explanation for the collision. The defendants submitted, inter alia, an affidavit in which Pena averred that the plaintiff made a right turn into the path of the bus and began to move forward, but then stopped short. In essence, this explanation amounts to nothing more than a claim that the plaintiff's vehicle came to a sudden stop which, without more, failed to raise a triable issue of fact as to the defendants' liability (see Perez v Persaud, 183 AD3d 771; Buchanan v Keller, 169 AD3d at 992).
Contrary to the defendants' contentions, the order appealed from does not reflect that the Supreme Court made any determination as to the plaintiff's comparative negligence. Comparative negligence on the part of the plaintiff, if any, which would offset the amount of damages, must abide the trial (see Rodriguez v City of New York, 31 NY3d at 318-319).
Accordingly, we affirm the order granting the plaintiff's motion for summary judgment on the issue of liability against the defendants.
BARROS, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court