Balgobin v McKenzie (2023 NY Slip Op 00978)

Balgobin v McKenzie

2023 NY Slip Op 00978

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-09003
 (Index No. 721098/19)

[*1]Khemraj Balgobin, appellant, 
v
Altano McKenzie, et al., respondents.

Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (David M. Schwarz and Jay Wechsler of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered October 2, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is granted.
On May 10, 2019, a vehicle operated by the plaintiff was struck in the rear by a vehicle operated by the defendant Altano McKenzie and owned by the defendant Ecolab, Inc. The plaintiff allegedly sustained personal injuries as a result of the accident and commenced this action against the defendants. After joinder of issue, but prior to the completion of discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability. The Supreme Court, among other things, denied that branch of the motion. The plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814). "Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Scheker v Brown, 85 AD3d 1007, 1007; see Mahmud v Feng Ouyang, 208 AD3d 861). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New York, 31 NY3d 312, 323; Perez v Persad, 183 AD3d 771, 771-772).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law through the submission of his affidavit, in which he averred that his vehicle was struck in the rear by the defendants' vehicle (see Vehicle and Traffic Law § 1129[a]). In opposition, the defendants failed to raise a triable issue of fact (see Capuzzo v Miller, 188 AD3d 1137, 1138; Martorell v Marcus, 106 AD3d 883, 884; Hauswirth v Transcare N.Y., Inc., 97 AD3d 792; Barile [*2]v Lazzarini, 222 AD2d 635, 637). Contrary to the defendants' contention, the motion was not premature (see CPLR 3212[f]).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
BARROS, J.P., GENOVESI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court