Guralenko v New York City Tr. Auth. (2023 NY Slip Op 05251)

Guralenko v New York City Tr. Auth.

2023 NY Slip Op 05251

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2022-03947
 (Index No. 508539/21)

[*1]Dmytro Guralenko, appellant, 
v
New York City Transit Authority, et al., respondents.

Levy Borukh Law, Rego Park, NY (David S. Levy of counsel), for appellant.
Zaklukiewicz, Puzo & Morrisey LLP, Islip Terrace, NY (Lisa Taranto and William Morrisey of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated March 18, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence, with leave to renew upon the completion of discovery.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence is granted.
On November 20, 2020, the plaintiff's vehicle was struck in the rear by the defendants' vehicle at the T-intersection of Hubbard Street and Shore Parkway. Both vehicles were traveling on Hubbard Street, which was a one-way street governed by a stop sign at its intersection with Shore Parkway and which came to an end at its intersection with Shore Parkway. Shore Parkway was also a one-way street. The drivers of both vehicles intended to make a right turn onto Shore Parkway. The plaintiff's vehicle came to a stop for the stop sign, and the defendants' vehicle came to a stop behind the plaintiff's stopped vehicle without striking it. After a few seconds, the plaintiff's vehicle began to inch forward and then came to a stop for a second time. When the plaintiff's vehicle came to a stop for the second time, it was struck in the rear by the defendants' vehicle.
The plaintiff commenced this action to recover damages for personal injuries. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. The Supreme Court denied the motion, with leave to renew upon the completion of discovery. The plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Quintanilla v Mark, 210 AD3d 713). As such, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Thompson v New York City Tr. Auth., 208 AD3d 815, 817; Diamond v Comins, 194 AD3d 784, 784-785).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting a transcript of his testimony at a General Municipal Law § 50-h hearing, which demonstrated that his vehicle was stopped for a traffic condition when it was struck in the rear by the defendants' vehicle (see Thompson v New York City Tr. Auth., 208 AD3d at 818; McRae v City of New York, 208 AD3d 775, 776; Perez v Persad, 183 AD3d 771, 772). The plaintiff also established his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging comparative negligence by demonstrating that he was not at fault in the happening of the accident (see Thompson v New York City Tr. Auth., 208 AD3d at 817; Diamond v Comins, 194 AD3d at 785).
In opposition to the plaintiff's prima facie showings, the defendants failed to raise a triable issue of fact. The defendants' contention that the plaintiff was negligent in coming to a sudden stop after the defendant driver began to make his turn because there were no vehicles traveling ahead of the plaintiff was insufficient to raise a triable issue of fact, given the plaintiff's evidence that he brought his vehicle to a stop after inching forward because there was traffic coming from his left side (cf. Thompson v New York City Tr. Auth., 208 AD3d at 818).
Contrary to the defendants' contention, the motion was not premature. The defendants' proffered need to conduct depositions did not warrant denial of the motion, since the defendant driver already had personal knowledge of the relevant facts, and the defendants' mere hope or speculation that evidence might be uncovered was insufficient to deny the motion (see Quintanilla v Mark, 210 AD3d at 715; Cajas-Romero v Ward, 106 AD3d 850, 852).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
CONNOLLY, J.P., BRATHWAITE NELSON, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court