Jimenez-Pantaleon v Aucancela (2023 NY Slip Op 05598)

Jimenez-Pantaleon v Aucancela

2023 NY Slip Op 05598

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-07437
 (Index No. 520010/21)

[*1]Alisa Jimenez-Pantaleon, appellant, 
v
Angel G. Aucancela, et al., respondents.

Chopra & Nocerino, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Silverman Shin & Byrne PLLC, New York, NY (Michael Byrne, Patrick S. Costello, and Wayne Stanton of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated July 6, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability without prejudice to renew upon completion of party depositions.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
In August 2021, the plaintiff commenced this action against the defendants to recover damages for personal injuries that she allegedly sustained in June 2021, when the vehicle that she was operating was struck in the rear by the defendants' vehicle. In an order dated July 6, 2022, the Supreme Court denied the plaintiff's motion for summary judgment on the issue of liability with leave to renew upon completion of party depositions. The plaintiff appeals.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Thompson v New York City Tr. Auth., 208 AD3d 815, 817; Perez v Persad, 183 AD3d 771). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Balgobin v McKenzie, 213 AD3d 893). "Stops by a lead vehicle which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows" (Perez v Persad, 183 AD3d at 772; see Buchanan v Keller, 169 AD3d 989, 991-992). "Moreover, an assertion that the lead vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the operator of the rear vehicle" (Perez v Persad, 183 AD3d at 772; see McRae v City of New York, 208 AD3d 775, 776). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New York, 31 NY3d 312).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting her affidavit and an affidavit from a nonparty eyewitness, which demonstrated that the plaintiff's vehicle was stopped for a red traffic light when it was struck in the rear by the defendants' vehicle (see McRae v City of New York, 208 AD3d at 776; Perez v Persad, 183 AD3d at 772). In opposition, the defendants failed to raise a triable issue of fact as to whether the defendant driver had a nonnegligent explanation for coming into contact with the rear of the plaintiff's vehicle. Additionally, the defendants failed to demonstrate that the motion was premature. "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Lopez v WS Distrib., Inc., 34 AD3d 759, 760).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
DUFFY, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court