Shanyou Liu v Joerg (2024 NY Slip Op 00203)

Shanyou Liu v Joerg

2024 NY Slip Op 00203

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2022-08425
 (Index No. 709597/21)

[*1]Shanyou Liu, appellant,
v
Justin John Joerg, et al., respondents.

Steven Louros, New York, NY, for appellant.
Eric D. Feldman, Melville, NY (Scott W. Driver of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered October 11, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained when the front of the vehicle he was operating collided with the rear of a vehicle operated by the defendant Justin John Joerg (hereinafter the defendant driver) and owned by the defendant Tri-Messine Construction Company, Inc., at the T-intersection of 126th Street and 26th Avenue in Queens. At the time of the collision, the defendant driver was attempting to execute a three-point U-turn at or near the intersection, and was moving in reverse. Prior to the completion of discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. In an order entered October 11, 2022, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Sapienza v Harrison, 191 AD3d 1028, 1029). "A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1034; see Rodriguez v City of New York, 31 NY3d 312, 324-325). "Even though a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a [*2]defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (Sapienza v Harrison, 191 AD3d at 1029; see Flores v Rubenstein, 175 AD3d 1490, 1491).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendant driver reversed into the plaintiff's vehicle at the intersection even though the plaintiff had honked his horn in warning (see Vehicle and Traffic Law § 1211[a]; Singh v Bisnath, 187 AD3d 814, 815; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1033). In opposition, the defendants failed to raise a triable issue of fact as to the defendant driver's negligence. Contrary to the defendants' contentions, the affidavit of the plaintiff and the affidavit of the plaintiff's translator submitted by the plaintiff in support of his motion were in admissible form (see Furtow v Jenstro Enters., Inc., 75 AD3d 494; Feinman v Mennan Oil Co., 248 AD2d 503, 504), and the motion was not premature (see CPLR 3212[f]; Quintanilla v Mark, 210 AD3d 713, 714). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
However, the plaintiff failed to establish his prima facie entitlement to summary judgment dismissing the defendants' affirmative defense alleging comparative negligence, as the plaintiff's submissions failed to eliminate triable issues of fact as to whether he contributed to the happening of the accident by advancing into the intersection when it was not safe to do so (see Vehicle and Traffic Law § 1142[a]; Singh v Bisnath, 187 AD3d at 815; Logan v Apex Express, Inc., 165 AD3d 910, 911). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court