Fleischmann v County of Suffolk (2024 NY Slip Op 02041)

Fleischmann v County of Suffolk

2024 NY Slip Op 02041

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-04817
 (Index No. 615684/22)

[*1]Skylar Fleischmann, respondent, 
v
County of Suffolk, et al., appellants.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Leland S. Solon of counsel), for appellants.
Vlahadamis & Hillen, LLP, Hampton Bays, NY (Stephen E. Vlahadamis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated May 4, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability insofar as asserted against the defendant Stephanie Rice and dismissing the defendants' affirmative defense alleging comparative negligence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when her vehicle was struck in the rear by a bus operated by the defendant Stephanie Rice. In an order dated May 4, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability insofar as asserted against Rice and dismissing the defendants' affirmative defense alleging comparative negligence. The defendants appeal.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Guralenko v New York City Tr. Auth., 220 AD3d 847, 848 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1129[a]; Quintanilla v Mark, 210 AD3d 713). "As such, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Guralenko v New York City Tr. Auth., 220 AD3d at 848). "Moreover, an assertion that the lead vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the operator of the rear vehicle" (Perez v Persad, 183 AD3d 771, 772).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of Rice's liability by submitting, among other things, a transcript of the plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h. That testimony established that the plaintiff's vehicle was stopped in traffic before a red light when, seconds after the light turned [*2]green, her vehicle was struck in the rear by the bus operated by Rice (see Guralenko v New York City Tr. Auth., 220 AD3d at 848; Quintanilla v Mark, 210 AD3d at 714). Contrary to the defendants' contention, the transcript of the plaintiff's testimony that was submitted in support of the plaintiff's motion was in an admissible form (see CPLR 3116[a]; Farquharson v United Parcel Serv., 202 AD3d 923, 925). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact on the issue of Rice's liability (see Mahmud v Feng Ouyang, 208 AD3d 861, 862; Perez v Persad, 183 AD3d at 772).
The plaintiff also established her prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging comparative negligence by demonstrating that she was not at fault in the happening of the accident (see Quintanilla v Mark, 210 AD3d at 714). In opposition, under the circumstances of this case, the defendants failed to raise a triable issue of fact as to whether the plaintiff was comparatively at fault for failing to signal or by suddenly stopping prior to the accident (see Guralenko v New York City Tr. Auth., 220 AD3d at 848; Yonghong Xia v Zhao Xian Zeng, 219 AD3d 914, 916; Mahmud v Feng Ouyang, 208 AD3d at 862).
The defendants' remaining contentions are without merit or have been rendered academic in light of the foregoing.
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., MALTESE, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court