Yearwood v New York City Tr. Auth. (2024 NY Slip Op 02555)

Yearwood v New York City Tr. Auth.

2024 NY Slip Op 02555

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-08342
 (Index No. 521949/18)

[*1]Gladstone C. F. Yearwood, respondent, 
v
New York City Transit Authority, et al., appellants, et al., defendants.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Mikhail Yadgarov & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen and Kelly Breslauer], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants New York City Transit Authority, MTA Bus Company, Metropolitan Transportation Authority, and Stacey Mendes appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated September 28, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against those defendants and, in effect, granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the affirmative defense based on the emergency doctrine of the defendants New York City Transit Authority, MTA Bus Company, and Metropolitan Transportation Authority.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability insofar as asserted against the defendants New York City Transit Authority, MTA Bus Company, Metropolitan Transportation Authority, and Stacey Mendes, and pursuant to CPLR 3211(b) to dismiss the affirmative defense based on the emergency doctrine of the defendants New York City Transit Authority, MTA Bus Company, and Metropolitan Transportation Authority are denied.
The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants New York City Transit Authority (hereinafter the NYCTA), MTA Bus Company (hereinafter MTA Bus), Metropolitan Transportation Authority (hereinafter MTA), and Stacy Mendes (hereinafter collectively the defendants). The plaintiff allegedly was injured while he was a passenger on a bus operated by Mendes when the bus collided with the rear of a vehicle owned by the defendant Premier Paratransit, LLC (hereinafter Paratransit). In a verified answer, the NYCTA, MTA Bus, and MTA asserted, among other things, an affirmative defense based on the emergency doctrine. The plaintiff moved, inter alia, for summary judgment on the issue of liability insofar as asserted against the defendants and pursuant to CPLR 3211(b) to dismiss the affirmative defense based on the emergency doctrine. In an order dated September 28, 2022, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment insofar as asserted against the defendants and, in effect, granted that branch of that motion which was pursuant to CPLR 3211(b) to dismiss the affirmative defense based on the emergency doctrine of the defendants the [*2]NYCTA, MTA Bus and MTA. The defendants appeal.
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Thompson v New York City Tr. Auth., 208 AD3d 815, 817; see Grier-Key v Lyons, 195 AD3d 798). "A nonnegligent explanation may include that a vehicle made a sudden lane change in front of a defendant's vehicle, forcing the defendant to stop suddenly" (Despinos-Cadet v Stein, 209 AD3d 978, 980 [internal quotation marks omitted]; see Flood v Fillas, 190 AD3d 828, 829).
Here, the plaintiff established, prima facie, that Mendes' negligence was a proximate cause of the accident (see Thompson v New York City Tr. Auth., 208 AD3d at 817). However, in opposition to the plaintiff's prima facie showing, the defendants raised a triable issue of fact as to whether there was a nonnegligent explanation for the collision through the submission of an affidavit from Mendes and a surveillance video of the accident (see Quinones v Grace Indus., LLC, 219 AD3d 765, 766; Quezada v Aquino, 38 AD3d 873, 874). In Mendes' affidavit, she attested, among other things, that she collided with the vehicle owned by Paratransit when that vehicle made a sudden stop after being "cut off" by another vehicle. Moreover, the surveillance video was consistent with the assertions in Mendes' affidavit. Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the defendants.
Furthermore, the plaintiff failed to meet his burden of establishing that the affirmative defense based on the emergency doctrine of the defendants NYCTA, MTA Bus, and MTA was "without merit as a matter of law" (Edwards v Walsh, 169 AD3d 865, 870 [internal quotation marks omitted]; see Vargas v Town of Huntington, 206 AD3d 1034, 1036; Freder v Costello Indus., Inc., 162 AD3d 984, 987-988). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss that affirmative defense.
DUFFY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court