Martinez v Colonna (2024 NY Slip Op 05971)

Martinez v Colonna

2024 NY Slip Op 05971

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-02965
 (Index No. 515652/21)

[*1]Casimiro Reyes Martinez, respondent, 
v
Michael Colonna, et al., appellants.

Fabiani Cohen & Hall, LLP, New York, NY (Kevin B. Pollak of counsel), for appellants.
Tarasov & Associates, P.C. (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated February 14, 2023. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained when the vehicle he was operating was struck in the rear by a vehicle operated by the defendant Michael Colonna and owned by the defendant Royal Realty Corp. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. In an order dated February 14, 2023, the Supreme Court granted the motion. The defendants appeal.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Whaley v Carvana N.Y. City, 219 AD3d 1561, 1562 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1129[a]; O'Rourke v Carucci, 117 AD3d 1015, 1015). "As such, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Fleischmann v County of Suffolk, 226 AD3d 873, 873 [internal quotation marks omitted]; see Bruce v Takahata, 219 AD3d 448, 449). "Stops by a lead vehicle which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows" (Perez v Persad, 183 AD3d 771, 772; see Thompson v New York City Tr. Auth., 208 AD3d 815, 817). "Moreover, an assertion that the lead vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the operator of the rear vehicle" [*2](Thompson v New York City Tr. Auth., 208 AD3d at 817 [internal quotation marks omitted]; see Perez v Persad, 183 AD3d at 772). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Jimenez-Pantaleon v Aucancela, 221 AD3d 676, 677 [internal quotation marks omitted]; see Martin v Copado-Esquivel, 226 AD3d 668, 670).
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. The plaintiff established his prima facie entitlement to judgment as a matter of law by submitting, inter alia, his own affidavit, in which he averred that the defendants' vehicle struck the plaintiff's stopped vehicle in the rear (see Bruce v Takahata, 219 AD3d at 449; Etingof v Metropolitan Laundry Mach. Sales, Inc., 134 AD3d 667, 667). In opposition, the defendants failed to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Bruce v Takahata, 219 AD3d at 449).
The Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence. In support of his motion, the plaintiff submitted his affidavit, in which he averred that his vehicle, after having been stopped at an intersection for approximately 20 to 30 seconds, was struck in the rear by the defendants' vehicle. Thus, the plaintiff established, prima facie, that he was not at fault in the happening of the accident (see Guralenko v New York City Tr. Auth., 220 AD3d 847, 848; Quintanilla v Mark, 210 AD3d 713, 714). In opposition, however, the defendants raised a triable issue of fact as to whether the plaintiff was comparatively at fault in the happening of the accident because he stopped suddenly for no apparent reason (see Martin v Copado-Esquivel, 226 AD3d at 670; Thompson v New York City Tr. Auth., 208 AD3d at 818).
The defendants' remaining contention need not be reached in light of our determination.
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court