Johnson v Cain (2025 NY Slip Op 07003)

Johnson v Cain

2025 NY Slip Op 07003

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-08591
 (Index No. 724740/23)

[*1]Kelvin Johnson, etc., respondent, 
vThomas Ward Cain, appellant.

Ondrovic & Platek, PLLC, White Plains, NY (Robert M. Lefland of counsel), for appellant.
Elliott Ifraimoff & Associates, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated May 3, 2024. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging failure to use a seatbelt.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2023, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained after being involved in a three-vehicle accident. The lead vehicle was operated by a nonparty, the middle vehicle was operated by the plaintiff, and the rearmost vehicle was operated by the defendant. Before discovery was conducted, the plaintiff moved, inter alia, for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging failure to use a seatbelt. In an order dated May 3, 2024, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendant appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; O'Hara v Bancker Constr. Corp., 225 AD3d 889). "[A] rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Balgobin v McKenzie, 213 AD3d 893, 893-894 [internal quotation marks omitted]).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting an affirmation wherein he stated that his vehicle was struck in the rear by the defendant's vehicle (see id.). Additionally, the plaintiff established his prima facie entitlement to judgment as a matter of law dismissing the affirmative defense alleging failure to wear a seat belt through his affirmation wherein he stated that he was wearing a seat belt [*2]during the accident (see Maurice v Donovan, 235 AD3d 633). In opposition, the defendant failed to raise a triable issue of fact. The assertion in the defendant's affirmation that the plaintiff's vehicle stopped suddenly was conclusory, and the defendant did not dispute the plaintiff's representation that the plaintiff was wearing his seat belt at the time of the accident. Contrary to the defendant's contention, he failed to establish that the plaintiff's motion was premature (see id.; Balgobin v McKenzie, 213 AD3d at 894).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging failure to wear a seatbelt.
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court