Smith v Maines Paper & Food Serv., Inc.
2026 NY Slip Op 03466
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Harold L. Smith, et al., appellants,
v
Maines Paper & Food Service, Inc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2022-06992, (Index No. 8564/19)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Phillip Hom, JJ.

The Ahearne Law Firm, PLLC, Warwick, NY (Barton L. Slavin and Allan J. Ahearne, Jr., of counsel), for appellants.
Marshall Dennehey Warner Coleman & Goggin, P.C., New York, NY (R. David Lane, Jr., and Diane K. Toner of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated June 10, 2022. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the issues of liability and whether the plaintiff Harold L. Smith sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Harold L. Smith, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries Smith allegedly sustained in a motor vehicle accident. The plaintiffs moved, among other things, for summary judgment on the issues of liability and whether Smith sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The defendants opposed those branches of the motion and submitted, inter alia, three unsworn affirmations from expert witnesses and an unsworn report of an expert witness. In reply, the plaintiffs contended that the unsworn opinions of the defendants' expert witnesses were inadmissible.
Thereafter, the Supreme Court directed the plaintiffs to submit a statement of material facts pursuant to former 22 NYCRR 202.8-g, which was missing from their motion for summary judgment, and directed the defendants to submit a counterstatement of material facts. The plaintiffs subsequently submitted a statement of material facts, and the defendants responded by submitting a counterstatement of material facts along with sworn affidavits from the defendants' four expert witnesses in which they incorporated and reaffirmed the contents of their earlier unsworn submissions. In an order dated June 10, 2022, the Supreme Court, among other things, accepted and considered the affidavits submitted by the defendants' expert witnesses and denied those branches of the plaintiffs' motion which were for summary judgment on the issues of liability and whether Smith sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiffs appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence" (Abramov v Martinez, 224 AD3d 794, 796; see McRae v City of New York, 208 AD3d 775, 775-776). Here, the plaintiffs established, prima facie, that the defendant Robert Levi Joseph Lavine breached a duty owned to Smith and that Lavine's negligence was a proximate cause of Smith's alleged injuries (see Barr v Canales, 231 AD3d 786, 787). Further, the plaintiffs established, prima facie, that the injured plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
In opposition, the defendants raised triable issues of fact. The defendants submitted, inter alia, three unsworn affirmations from expert witnesses and an unsworn report of an expert witness. Since these expert-witness submissions were unsworn, they were not in admissible form (see CPLR 2106; Jaklitsch v Kelly, 176 AD3d 792, 793). However, "CPLR 2001 permits a court to disregard a party's 'mistake, omission, defect or irregularity . . . if a substantial right of a party is not prejudiced'" (Matter of Mirzakandov v Mazal U Bracha, LLC, 216 AD3d 966, 967, quoting CPLR 2001). Here, in response to the plaintiffs' statement of material facts, the defendants submitted sworn affidavits from their four expert witnesses in which they incorporated and reaffirmed the contents of their earlier unsworn submissions. Under the circumstances of this case, the Supreme Court providently exercised its discretion in considering those affidavits (see Kallo v Kane St. Synagogue, 241 AD3d 522, 523-524; Galluccio v Grossman, 161 AD3d 1049, 1053). Those submissions cured the defects contained in the defendants' opposition papers, and the plaintiffs suffered no prejudice, as they had an opportunity to address the opinions of the defendants' expert witnesses in their reply papers.
Accordingly, the Supreme Court properly denied those branches of the plaintiffs' motion which were for summary judgment on the issues of liability and whether Smith sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
The plaintiffs' remaining contentions are without merit.
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court